1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHAD AARON WARD,

11              Petitioner,                    No. CIV-S-11-2501 CKD P

12        vs.

13   RICHARD IVES, et al.,

14              Respondents              ORDER

15   _____/

16              Petitioner, a federal prisoner proceeding pro se, has filed a complaint on a form

17   provided by this court for actions under 28 U.S.C. § 2241, the federal statute for general habeas

18   relief.  He has consented to the magistrate judge's jurisdiction under 28 U.S.C. § 636(c).  He

19   alleges two claims: (1) that defendant Wilson, a correctional officer at FCI-Herlong, where

20   petitioner is incarcerated, violated his civil rights by obstructing his access to the administrative

21   grievance process and by threatening that she would tell other inmates he is a snitch; and (2) that

22   defendant Marlow, also a correctional officer, essentially threatened his safety with other inmates

23   and threatened to falsely discipline him for not cooperating with a proposal to do something

24   petitioner thought was "illegal."

25   ////

26   ////

1

1          On its face, the petition alleges violations of petitioner's civil rights by federal

2  correctional officers.  Such claims must be filed under <u>Bivens v. Six Unknown Named Agents of</u>

3  <u>the Bureau of Narcotics</u>, 403 U.S. 388 (1971), not under § 2241, because the claims concern

4  conditions of confinement in a federal prison.  The general rule is that if a federal prisoner

5  challenges the fact or duration of his confinement, a federal court should construe the action as

6  one sounding under § 2241; if a federal prisoner seeks damages for civil rights violations,

7  including unconstitutional conditions of confinement, the claims are construed under <u>Bivens</u>.

8  <u>See</u> <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir. 1991).  Here, the only relief requested in this

9  petition is stated as a "note" to the court: "Please get me off this property[,] I am very scared."

10  Pet. at 5.  That is a request for injunctive relief, in the form of a transfer out of FCI-Herlong and

11  into another federal prison.  The petition thus states claims of civil rights violations, but it does

12  not state any claim for damages.

13          In <u>Christian v. Deboo</u>, 2007 WL 470587 (E.D. Cal.), this court dismissed a § 2241

14  petition because "[p]etitioner... is not seeking release from custody, but rather transfer to another

15  prison where he believes he will be safer."  <u>Deboo</u> at *1.  The court relied in part on the Seventh

16  Circuit's opinion in <u>Glaus v. Anderson</u>, 408 F.3d 382 (7th Cir.2005), in which the circuit court

17  reaffirmed "a clear distinction" that turns on the nature of the relief sought in a habeas petition:

18          If the prisoner is seeking what can be fairly described as a quantum
        change in the level of custody – whether outright freedom, or
19          freedom subject to the limited reporting and financial constraints of
        bond or parole or probation [– ] then habeas corpus is his remedy.
20          But <u>if he is seeking a different program or location or environment,</u>
        <u>then he is challenging the conditions rather than the fact of his</u>
21          <u>confinement and his remedy is under civil rights law</u>, even if, as
        will usually be the case, the program or location or environment
22          that he is challenging is more restrictive than the alternative he
        seeks.

23

24  <u>Glaus</u>, 408 F.3d at 386-87 (emphasis added) (citation omitted).  This court's previous reliance on

25  <u>Glaus</u> applies with equal force here.  Because he seeks no "quantum change in [his] level of

26  custody," petitioner cannot proceed under 28 U.S.C. § 2241.

The result in <u>Deboo</u> was dismissal, but that was not automatic: "[a] federal court has discretion to construe a mislabeled habeas corpus petition as a civil rights action and permit the action to proceed as such." <u>Castro v. Martel</u>, 2010 WL 4880630 at *12 (E.D. Cal.).

The main complication in proceeding immediately as though this petitioner had filed a <u>Bivens</u> action is the drastic difference in filing fees between habeas actions ($5.00) and civil rights actions ($350.00). Petitioner has requested leave to proceed in forma pauperis as a habeas petitioner, but the court cannot assume that in doing so he also consented to the potential, incremental withdrawal of $350.00 from his prison trust account as an in forma pauperis <u>Bivens</u> plaintiff. The better course is to allow him thirty days' leave in which to re-file a complaint under <u>Bivens</u>, if he so chooses, along with a new application for in forma pauperis status, now that he is fully apprised of the cost of proceeding in forma pauperis under <u>Bivens</u>.

If petitioner elects to pursue a <u>Bivens</u> action, he should label his new filing "First Amended Complaint." The court will examine the amended complaint according to the screening standards described in 28 U.S.C. § 1915A. Petitioner is informed that the court cannot refer to his original petition in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in the amended complaint, as in the original petition, each claim and the involvement of each defendant must be sufficiently and clearly alleged. Petitioner must also re-state what remedies, including transfer out of prison, he seeks.

Petitioner is reminded that if he applies for in forma pauperis status, he must fill out the enclosed application as completely as possible and have it signed by an appropriate prison official. He must also attach a certified statement reflecting the activity in his prison trust account over the six-month period immediately preceding the filing of his complaint. Once

petitioner has submitted the required information, and assuming he qualifies for in forma pauperis status, the court will issue an order to the Bureau of Prisons and FCI-Herlong that the $350.00 filing fee be paid by withdrawing from his prison trust account installments equal to twenty percent of the preceding month's income each time the amount in the account exceeds $10.00.

Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(a).

In accordance with the above, IT IS HEREBY ORDERED that:

1.   The petition is dismissed without prejudice to the filing of an amended complaint for alleged violations of petitioner's civil rights by federal officials.

2.   Petitioner has thirty days from the entry of this order in which to file a first amended complaint alleging violations of his civil rights by federal officials.

3.   The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

4.   If petitioner elects to proceed with an action for alleged civil rights violations, he shall also submit, within thirty days of the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, plus a certified statement of his prison trust account.  Petitioner may instead submit the appropriate filing fee of $350.00.

5.   Petitioner's failure to comply with this order will result in the dismissal of this action.

Dated: November 9, 2011

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4